(127 App. Div. 829.)

## VAN PELT v. STRAIGHT LINE ENGINE CO.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1908.)

MASTER AND SERVANT—INJURY TO SERVANT.

    A foundry employé's contributory negligence prevents him from recovering from his employer for injury caused by a bar of iron, which had been leaning against a post. being knocked over by a load being moved on a crane, where he knew that the guard customarily used on the post to keep bars from falling was off, he placed the bar or one like it against the post just before the accident, he directed the movement of the crane that caused the casting to fall, and he could have avoided striking the bar.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 749, 750.]

Appeal from Trial Term, Onondaga County.

Personal injury action by Charles R. Van Pelt against the Straight Line Engine Company. From a judgment for plaintiff, and from an order refusing a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Cannon, Spencer & Mitchell, for appellant.
Hancock, Hogan & Hancock, for respondent.

WILLIAMS, J. The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action was brought to recover damages for personal injuries alleged to have resulted from defendant's negligence. The plaintiff was an employé in defendant's foundry as a moulder. He received his injuries by the falling upon him of a spindle, a bar of iron 12 or 13 feet long, 2⅜ inches in diameter, and weighing about 200 pounds. The spindle, not being in use at the time of the accident, was standing up against a square iron post, extending from the ground to the roof of the foundry building. There had formerly been bolted to this post an iron guard, to rest the spindles against and hold them from falling down. Five or six weeks before the accident this iron guard was removed by direction of the foreman of the defendant, because it was in the way of moving a large casting along the foundry by means of the crane therein. There were left then upon the post nothing but flanges up and down, extending out about 1⅞ inches, to keep the spindles from falling. The plaintiff had been using one of the spindles, and himself placed it against the post, knowing that the guard had been removed and there was only the flange in the post to hold the spindle from falling, and it was this spindle or another

standing with it which fell on plaintiff. The plaintiff signaled the craneman to bring the crane, and he and his assistants lowered the cable and attached it to the casting, which the plaintiff had finished and desired removed. The plaintiff then directed the craneman to go ahead. The craneman raised the casting and started it easterly towards the place it was to be taken. The plaintiff walked along near by. The casting was being carried along in close proximity to the line of posts of which that against which the spindles rested was one. As it moved along it struck a spindle, knocked it over, and it struck the plaintiff. The crane carrying the casting could have been moved away from the line of posts before proceeding on its way, if the plaintiff had so directed. He was a competent workman, and had been employed in foundry for many years.

It is difficult to understand from the charge just what specific ground of negligence was left to the jury. There was talk about a safe place to work, rules and regulations, safe machinery, competent employés, etc., and then the jury were instructed in a general way to determine whether the defendant was negligent in the performance of its duty to the plaintiff, its employé. The respondent's counsel, in his brief in this court, says, however, that plaintiff bases his claim for damages upon defendant's negligence in not providing a safe place to work, and particularly in allowing the spindles to stand against the post without proper guards to prevent them from falling. This is apparently the only theory upon which the judgment can be upheld so far as defendant's negligence is concerned. The iron guard had been removed from the post very properly; but it could have been replaced in a few minutes, any time it was found necessary to remove it, and the complaint is that it was not so replaced, but was allowed to be off the post continuously for five or six weeks before, and until the occurrence of the accident, and for several days after all further occasion for its being off had terminated. It is difficult to say this constituted actionable negligence. The claim is that, inasmuch as the defendant had maintained this guard for three years to hold the spindles in place, it was negligent to permit the workmen, in performing the details of their work, to take it down and allow it to remain so, though the workmen knew it was down, and knew just what support the spindles had without it, and that this negligence rendered the place in which the plaintiff worked unsafe. The place was safe enough in a general way. It could only be regarded as unsafe by reason of the plaintiff and his co-workmen standing the spindles up against the post when they knew the guard was gone.

I entertain doubt as to the finding by the jury that the defendant was guilty of negligence causing the accident being supported by the evidence. But, passing to the question of contributory negligence, the plaintiff knew the precise condition of things there, and that the guard was off the post. He himself placed the spindle, or one of them, against the post, just before the accident—the same morning or the night before. He himself directed the moving of the casting by the crane that caused the spindle to fall. He knew, as it was being moved, that the casting was being carried along close to the posts. He could have directed it to be moved out further from the line of

posts before it was started on its way towards its destination, but failed to do so. He was himself moving along down the foundry as the casting went, and could see the danger of its striking the spindle and causing it to fall. Under these circumstances it can hardly be said plaintiff was free from contributory negligence. To say that defendant was guilty of negligence which caused the accident, and plaintiff was free from all negligence contributory to it, is hardly just or fair between the parties. I think the verdict is contrary to and against the weight of the evidence, and should be reversed for that reason.

I do not see how any extensive consideration or analysis of the authorities could aid us in determining the questions. No two cases are just alike. This one must be determined in view of its own facts, as they are practically conceded to be.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event, upon questions of law and fact. All concur.